# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| FREEDOM WIRELESS, INC.., <br> Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. 2-06-CV-505 |
| CINGULAR WIRELESS LLC, ET AL., <br> Defendants. | § § § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant NE Colorado Cellular, Inc. d/b/a Viaero Wireless's ("Viaero") Motion to Dismiss for Lack of Personal Jurisdiction. (D.I.. # 92) After reviewing the parties' briefs and applicable case law, the court **DENIES** the motion in its entirety for the reasons set forth below.

**I. Introduction**

Plaintiff Freedom Wireless, Inc. ("Freedom") brings this patent infringement action against Viaero. Viaero is a Colorado Corporation with its principal place of business in Fort Morgan, Colorado. Viaero argues that Freedom lacks the "minimum contacts" that the law requires for the court to enjoy personal jurisdiction over it. Freedom urges it has met its burden of presenting a prima facie case of personal jurisdiction. Freedom contends that Viaero has sufficient continuous contacts for the court the exercise general jurisdiction over Viaero. Additionally, Freedom argues and that Viaero has directed its infringing activity towards Texas, allowing the court to exercise "specific jurisdiction" over it as well. Because the court finds Freedom has alleged facts sufficient for the court to enjoy "specific jurisdiction" over Viaero, the court does not reach the argument on "general jurisdiction."

Personal jurisdiction is governed by Federal Circuit law in patent cases. *See Beverly Hills*

*Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1564 (Fed.Cir.1994). "Due Process requires ... that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, the must have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe, Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Requiring purposeful minimum contacts with the forum helps to ensure that non-residents have notice that a given activity may subject them to litigation within that forum. See *World-Wide Volkswagen, Corp., v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Additionally, specific jurisdiction exists if the nonresident defendant "purposefully direct[s] [its] activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (quoting *Burger King Corp. v. Rudzewick*, 471 U.S. 462, 472 (1985)).

When the court decides a motion to dismiss without holding an evidentiary hearing, the plaintiff only needs to make a prima facie showing of the facts on which jurisdiction is predicated. *Alpine View Co.*, 205 F.3d at 215. In deciding whether a prima facie case exists, the court must accept as true the plaintiff's "uncontroverted allegations, and resolve in [their] favor, all conflicts between the facts contained in the parties' affidavits and other documentation." *Id.*

Viaero has not denied that it negotiated and contracted with Plano, Texas based Ericsson, Inc. ("Ericsson"), a co-defendant in this action, to develop, implement, manage and host an allegedly infringing prepaid wireless system which is located in Texas. Viaero simply argues it is not subject to personal jurisdiction because simply using a system in Texas does not subject it to personal jurisdiction here. Viaero alleges that it only provides cellular service to customers outside of Texas. According to Freedom's allegations, however, Viaero has not simply been a

2

passive user of the system located in Texas. Freedom has produced evidence that Viaero has directed changes to the system for its specific needs. Additionally, the plaintiff alleges that any prepaid call placed by any of Viaero's customers requires communications with equipment located in Texas.

Freedom has alleged specific facts of both infringement, and inducement to infringe here in Texas. Freedom has pled facts supporting that this court enjoys personal jurisdiction over Viaero in this case.

To survive a motion to dismiss, the plaintiff does not have to prove the jurisdictional facts by a preponderance of the evidence, but need only make a prima facie showing of jurisdictional facts. *Travelers Indem. Co. V. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986). Freedom has met this burden. Eventually Freedom will have to establish jurisdiction by a preponderance of the evidence. Freedom will have the burden of proving this issue by a preponderance of the evidence at the trial in this case.

## II. Conclusion

Based on the foregoing, the court finds that Freedom has made a prima facie showing of jurisdictional facts. Viaero's Motion to Dismiss, therefore, is **DENIED**.

SIGNED this 29th day of September, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE